UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH B. GRAMS,

    Plaintiff,

vs.                                  Case No. 3:08-cv-1060-J-12MCR

AMERICAN MEDICAL INSTRUMENTS
HOLDINGS LONG TERM DISABILITY PLAN
and THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Responsive Answers to Interrogatories and Production of Documents (Doc. 20) filed July 27, 2009.

### **I. BACKGROUND**

This is an ERISA disability benefits claim. Plaintiff filed a Complaint on November 4, 2008 contending Defendant wrongfully denied her long-term disability benefits (Doc. 1). On May 5, 2009, Plaintiff served Defendant, Prudential Insurance Company of America, with her First Request for Production of Documents and First Set of Interrogatories. On June 19, 2009, Defendant served Plaintiff with its verified responses and objections. Plaintiff believes many of Defendants responses were not sufficiently complete. After attempting to resolve their differences, Plaintiff filed the instant Motion to Compel on July 27, 2009 (Doc. 20). On August 17, 2009, Defendant filed its Memorandum of Law in Opposition to Plaintiff's Motion to Compel (Doc. 26).

-1-

Then, on September 4, 2009, Plaintiff filed a Reply to Defendant's Memorandum of law in Opposition to Plaintiff's Motion to Compel (Doc. 35).  Accordingly, the matter is now ripe for determination.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Plaintiff claims a number of Defendant's responses to her discovery requests are deficient.  Defendant objected to Plaintiff's requests with both general and specific objections, as discussed more fully below.

### A.     Defendant's General Objections

Defendant objected generally to each of Plaintiff's requests which seek information outside of the administrative record.[1] Plaintiff maintains she is entitled to discovery beyond the administrative record for five reasons: (1) to analyze the accuracy and completeness of the administrative record; (2) to analyze how Defendant reached its decision in the instant case; (3) to analyze the nature of the information considered in making the decisions; (4) to analyze whether Defendants has complied with benefit plan procedures; and (5) to analyze the nature, degree, and scope which Defendant operated under a conflict of interest. Plaintiff argues that as a consequence of the Supreme Court's decision in Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008), the information sought by Plaintiff is plainly discoverable and relevant under Fed. R. Civ. P. 26(b)(1).[2]

Defendant, unsurprisingly, contends otherwise. Defendant asserts that under the arbitrary and capricious standard of review as applicable here, only the evidence before the plan administrator at the time of the benefits decision may be considered in ruling upon a claim challenging the denial. See Jett v. Blue Cross and Blue Shield of Alabama, 890 F. 2d 1137, 1139 (11th Cir. 1989). Further, Defendant contends the

---

[1] Defendant asserted numerous general objections in its Response to Plaintiff's Requests for Production and Interrogatories, however; only its general objection to documents requested outside of the administrative record appears to be in dispute.

[2] The Supreme Court's decision in Glenn confirmed that a conflict of interest arises when a plan administrator both determines an employee's eligibility for benefits and pays those benefits out of its own pocket. 128 S. Ct. at 2346. The holding of Glenn is that "a reviewing court should consider [such a] conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the facts and circumstances of a particular case." Id.

discovery sought cannot be relevant until and unless the Court determines that Prudential's decision was wrong.³ Consequently, according to Defendant, Plaintiff is not entitled to embark on a "fishing expedition" beyond the administrative record already produced.

Federal Rule Civil Procedure 26(b)(1) permits parties to a civil case to conduct discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party in the case. Like most discovery disputes, in this ERISA case, the scope of discovery will hinge on whether the discovery sought by the Plaintiff is relevant to any "claim or defense of any party." See Featherston v. Metro. Life Ins. Co., 223 F.R.D. 647, 651 (N.D. Fla. 2004). The standard of review in an ERISA case will dictate what facts or evidence the plaintiff must prove in order to successfully claim an entitlement to benefits under the terms of an employee benefit plan. Id. Therefore, the applicable standard of review will also shape the permissible scope of discovery in the instant case. In Plaintiff's Motion to Compel and Defendant's Memorandum of Law in Opposition, both parties acknowledge that the arbitrary and capricious standard of review applies (Doc. 20, p. 9 ; Doc. 26, p. 4-5).

The Eleventh Circuit in Jett explained that "as long as a reasonable basis appears for (the plan administrator's) decision, it must be upheld as not being arbitrary and capricious, even if there is evidence that would support a contrary decision." Jett,

---

³Under the arbitrary and capricious standard of review, the court first determines whether the claims administrator's decision was *de novo* wrong. Glazer v. Reliance Standard Life Ins. Co., 524 F.3d 1241, 1246 (11th Cir. 2008). "Wrong" is a label used to describe the conclusions a trial court reaches when, after reviewing the plan documents and the administrative record, the trial court disagrees with the claim administrator's decision. Id.

890 F. 2d at 1139.  However, when a conflict of interest is present, even if the court determines that a reasonable basis existed for the administrator's decision, the administrator's decision does not automatically prevail.  Torres v. Pittston Co., 346 F.3d 1324 (11th Cir. 2003); HCA Health Servs. of Ga., Inc. v. Emplrs. Health Ins. Co., 240 F.3d 982, 992 (11th Cir. 2001).  Instead, the court must continue its inquiry and gauge the self-interest of the claims administrator.  Featherston, 223 F.R.D. at 654.

Since a structural conflict of interest does in fact exist in this case[4], evidence outside the administrative record may ultimately become relevant to the judicial review of plaintiff's ERISA claim.  Nevertheless, the existence of a conflict of interest does not necessarily permit the plaintiff to conduct broad discovery.  Id. at 657.  Instead, any allowed discovery must focus on evidence that is relevant to the self-interest issues in the decision making process.[5]  Id.  Here, in order to determine whether information outside the administrative record is discoverable, the Court will consider Plaintiff's specific requests and Defendant's objections thereto.

---

[4]Both parties acknowledge a structural conflict of interest in this case because the same company determines eligibility for benefits and pays said benefits.

[5] In addition to the conflict of interest issue, this Court has previously held that discovery beyond the administrative record may be permitted when it is relevant to examining (1) whether an administrator fulfilled his or her fiduciary duties, (2) whether proper procedures were followed in compiling the record; and (3) whether the record is complete.  Lake v. Hartford Life & Accident Ins. Co., 218 F.R.D. 260, 261 (M.D. Fla. 2003); see also Rosser-Monahan v. Avon Products, Inc., 227 F.R.D. 695, 698 (M.D. Fla. 2004); Cerrito v. Liberty Life Ins. Co., 209 F.R.D. 663 (M.D. Fla. 2002).

**B.    Defendant's Specific Objections**[6]

Essentially, Plaintiff and Defendant are in dispute regarding five categories of information: (1) discovery relating to the evaluation of claims guidelines and training material; (2) discovery relating to compensation of claims evaluation personnel and their performance evaluations; (3) discovery relating to third party compensation and prior evaluations; (4) discovery relating to plan denial rate reports; and (5) discovery relating to plan amendments.[7]  Each category of information is discussed in detail below.

**1.    Discovery relating to the evaluation of claims guidelines and training material**

In Requests for Production Nos. 4 and 16, Plaintiff seeks documents relating to claims evaluation guidelines and training material.  The Court finds this information is directly relevant to whether proper procedures were followed in compiling the record in the instant case, as well as necessary to determining the accuracy of the instant claim evaluation.  Additionally, the information sought is appropriately limited in time and scope.  Therefore, Defendant is ordered to provide supplemental discovery responses to Request for Production Nos. 4 and 16, no later than **Wednesday, September 23, 2009.**

---

[6]Plaintiff has agreed not to pursue her Motion to Compel Request for Production No. 2 and Interrogatory No. 17; and Defendant has agreed to supplement its responses to Interrogatory Nos. 12 and 20 (Docs. 26 and 34).  Therefore, these requests will not be addressed by the Court.

[7]The five categories of information are essentially those which Defendant created in its Memorandum of Law in Opposition to Plaintiff's Motion to Compel and to which Plaintiff responded in her Reply to Defendant's Memorandum of Law.

However, the Court finds Request for Production No. 5 to be overbroad and unduly burdensome as it requests "all documents, notes, lesson plans, overhead projector films and other writings prepared and/or utilized" by reviewers/consultants who participated in Plaintiff's claim. As many of the reviewers/consultants are likely medical doctors and other professionals, this request potentially seeks production of entire libraries of information. Therefore, Defendant's objection to Request for Production No. 5 is sustained.

### 2. Discovery relating to compensation of claims evaluation personnel and their performance evaluations

In Requests for Production Nos. 8, 20, and 21 and Interrogatory Nos. 22 and 18, Plaintiff seeks information relating to compensation and performance evaluations of Prudential claims personnel. Private information regarding personnel performance evaluations is not directly relevant to the issues brought forth in Plaintiff's Complaint. Accordingly, Defendant's objections to Requests for Production Nos. 8 and 20 and Interrogatory No. 18 are sustained.

The Court can conceive that information relating to compensation, bonuses, and awards may be relevant to the existence and extent of a conflict of interest. See Hogan-Cross v. Met Life, 568 F.Supp.2d 410, 415 (S.D.N.Y. 2008)(holding the existence, nature, extent, and effect of any conflict of interest are relevant considerations). However, although the Supreme Court condoned the idea that courts may weigh this structural conflict of interest factor in the course of reviewing claim denials, it did not state to what extent reviewing courts should or should not permit discovery to explore the particular dimensions of an administrator's conflict. Christie v.

MBNA Group Long Term Disability Plan, Civ. No. 1:08-cv-44-JAW, 2008 WL 4427192, *2 (D. Me. 2008). Therefore, in light of the Supreme Court's decision in Glenn, the Court will allow limited discovery into the structural conflict of interest issue. Therefore, Defendant is ordered to provide supplemental discovery responses to Request for Production No. 21 and Interrogatory No. 22, no later than **Wednesday, September 23, 2009**.

### 3. Discovery relating to third party compensation and prior evaluations

In Requests for Production Nos. 10 and 18 and Interrogatories Nos. 5, 6, 7, 8, 9, and 24, Plaintiff seeks information relating to third party compensation and prior evaluations by independent medical professionals. Specifically, Plaintiff requests medical evaluation service agreements between Prudential and third party servicers, total amounts paid by Prudential for independent medical evaluations, and the number and outcome of prior evaluations by independent medical professionals.

Request for Production No. 10 requests all documents which "evidence, reflect, record, or refer to any service agreement with third part(ies)." Plaintiff has not requested the actual service agreements. Rather, Plaintiff requested documents which evidence, reflect, or refer to said agreements. This request is unduly broad. However, the Court will limit this request in scope to the actual servicing agreement between Prudential and MLS Medical Evaluation Services, Inc. in effect at the time of the review of Plaintiff's claim.[8] Again, this information is relevant to existence and extent of a

---

[8]Prudential engages the unaffiliated entity MLS Medical Evaluation Services, Inc to secure medical records reviews for benefits claims. MLS, in turn, independently engages qualified medical
(continued...)

conflict of interest or bias.  Therefore, Defendant is ordered to provide a supplemental discovery response to Request for Production No. 10 (with the Court's limitation in scope), no later than **Wednesday, September 23, 2009**.

In Request for Production No.18 and Interrogatory Nos. 5, 6, and 24, Plaintiff seeks the total amounts paid by Prudential for independent medical service evaluations for the years 2002-2007.  Although the Court can imagine information relating to bonuses, incentives, and the actual servicing agreement as being relevant to the issue of whether Plaintiff's claim was adequately analyzed; it can not fathom why the total amounts paid to employers of medical professionals is relevant to the denial of Plaintiff's claim.  Costs associated with medical professionals can vary for a number of reasons, such as background, location, and economic times.  This information is irrelevant to Plaintiff's claim evaluation and any potential conflict.  Accordingly, Defendant's objections to Requests for Production Nos. 18 and Interrogatory Nos. 5, 6, and 24 are sustained.

In Interrogatory Nos. 7 and 9, Plaintiff seeks the numbers of claims reviewed by those listed in response to Interrogatory 4 from 2002-2007 and the number of those claims which Prudential denied.[9] Contrasting the total number of Prudential claims reviewed by a doctor to the total number of those claims denied by Prudential is

---

[8](...continued)
professionals.

[9]Plaintiff's Interrogatory No. 4 requests the name, address, position/job title, employer, and phone number of any doctor, nurse, vocational rehabilitation/occupational counsel and/or any other health or vocational professional (other than the Plaintiff's treating physician) who rendered a report or opinion to Defendant, examined records for the Defendant, or examined Plaintiff for the Defendant at any time.

irrelevant to the denial of Plaintiff's claim. Additionally, the contrast would create a meaningless result as it would not take into consideration the individualized circumstances of each case. Accordingly, Defendant's objections to Interrogatory Nos. 7 and 9 are sustained.

### 4. Discovery relating to plan denial reports

Prudential's Memorandum of Law Opposing Plaintiff's Motion to Compel states that Defendant will amend its response to Request for Production No. 25 (Doc. 26, p. 14). Therefore, the Court will not address this issue and orders Defendant to provide a supplemental discovery response to Request No. 25, no later than **Wednesday, September 23, 2009**.

### 5. Discovery relating to plan amendments

In Request for Production No. 12, Plaintiff seeks all amendments to the American Medical Instruments Holdings LTD Plan for the years 2003-2007. The existence of subsequent amendments to the plan are not relevant to either Plaintiff's Complaint or Defendant's defenses. Accordingly, Defendant's objection to Request for Production No. 12 is sustained.

Additionally, Defendant's Memorandum of Law Opposing Plaintiff's Motion to Compel states that Defendant agrees to supplement its written responses to Interrogatory Nos. 8, 12, and 20. (Doc. 26, p. 12). Therefore, the Court will simply order Defendant to provide supplemental discovery responses no later than **Wednesday, September 23, 2009**.

## C. Protective Order

In Defendant's Memorandum of Law Opposing Plaintiff's Motion to Compel, Defendant requests a protective order. Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). One seeking a protective order carries the burden of showing good cause and/or the right to be protected. See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Garrett, 571 F.2d at 1326 n.3 (citations omitted).

In the instant case, Defendant generally states a "Request for Protective Order" (Doc. 26, p. 15), but does not provide any additional information regarding its request. This is not sufficient to establish good cause. Defendant has not provided the Court with enough information to determine if a protective order is necessary and appropriate. As such, the Court will deny Defendant's request for a protective order at this time.

## D. Attorney's Fees

Both Plaintiff and Defendant seek an award of its fees incurred as a result of the instant motion to compel. The Court does not believe such an award is justified in this case.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Discovery (Doc. 20) is **GRANTED** in part and **DENIED** in part as stated in the body of this Order. Defendant is ordered to provide supplemental discovery responses to Request for Production Nos. 4, 10, 16, 21, and 25 and Interrogatory Nos. 8, 12, 20, and 22, no later than **Wednesday, September 23, 2009**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  14th  day of September, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record